```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YGE BRANDING , LLC and INFINITY LIFESTYLE:
BRANDS, LLC,
                                                            :
                    Plaintiffs,
                                                            :     REPORT AND RECOMMENDATION
           -against-
                                                            :     14-CV-5374 (ALC)(KNF)
GAME TOWELS, LLC and TRAVIS GOODWIN,
                                                            :
                    Defendants.
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ANDREW L. CARTER, JR., UNITED STATES DISTRICT JUDGE

The plaintiffs commenced this action on July 17, 2014, alleging that the defendants breached two (2) contracts styled, "Representation Agreement" and "Consent Agreement" into which the parties entered on March 1, 2013. According to the plaintiffs, they performed under the parties' agreements and the defendants failed to do so, in that they did not tender payments owed to the plaintiffs under the terms of those agreements.

On December 9, 2015, the Court directed the plaintiffs to advise it, in writing, on or before December 11, 2015, of the status of the action. In response to that directive, counsel to the plaintiffs, in a letter dated December 11, 2015, advised the Court that "[a]s of today's date, all Defendants have been served and have failed to answer. The undersigned previously filed a request to enter default (Docket 6) and after reviewing the Docket, I just realized no default had been entered. It is Plaintiffs' position to file for a default judgment against all parties with the Court's permission within the next two (2) weeks or by December 25, 2015." The Court directed the plaintiffs, by a memorandum endorsement dated December 14, 2015, to file their motion on or before December 23, 2015. The plaintiffs failed to comply with that directive. Instead, counsel to the plaintiffs sent a letter to the Court dated December 23, 2015. In that letter, counsel indicated that "[w]hile preparing the appropriate paperwork, it came to my attention that an

entry of default was never obtained in this matter. Earlier today, I prepared and filed a motion for entry of default against both defendants but the Clerk of the Court has not yet granted the request. I am therefore, respectfully seeking a short extension of time to file Plaintiffs' default judgment motion." On December 30, 2015, via a memorandum endorsement, the Court directed the plaintiffs to file their default judgment motion on or before January 11, 2016. The plaintiffs failed to file a default judgment motion. Instead, counsel to the plaintiffs sent a letter to the Court, dated January 11, 2016. Through that letter, counsel to the plaintiffs informed the Court that he

> was notified today by the SDNY Clerk's Office that they could not issue a certificate of Clerk's Default in this matter because the filed affidavits of service do not mention the service of the complaint, instead the affidavits of service only mention that the summons was served on the defendants. . . . I am respectfully requesting time to request amended affidavits of service from the process service company . . . [o]nce the amended affidavits of service are received and filed with the Clerk of the Court, it is [counsel's] intention to file a Clerk's Default Judgment for a Sum Certain pursuant to FRCP 55.

Docket Entry No. 23.

The Court directed the plaintiffs to file, on or before January 22, 2016, the amended affidavits of service. The plaintiffs complied with the Court's directive.

On January 22, 2016, the Clerk of Court filed a certificate noting the defendants' default in this action. See Docket Entry No. 27. However, no motion for a judgment by default followed. On September 19, 2016, the Court directed the plaintiffs to advise it on or before September 23, 2016, in writing, of the status of the action. See Docket Entry No. 28. The plaintiffs failed to comply with the Court's directive timely. In a letter dated September 27, 2016, counsel to the plaintiffs advised the Court that "[b]y the end of next week, October 7, 2016, we will be moving for a default judgment against the Defendants pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure because we are seeking a sum certain as damages." Docket Entry No. 29. The plaintiffs failed to move for a judgment by default by October 7, 2016, as counsel's September 27, 2016 writing indicated. Therefore, on October 20, 2016, the Court directed the plaintiffs to advise it, on or before October 24, 2016, in writing, of the status of the

action. The plaintiffs were cautioned that their failure to move forward with the litigation may result in an involuntary dismissal of the action. See Docket Entry No. 30.

Counsel to the plaintiffs wrote a letter to the Court dated October 23, 2016. In its most pertinent part, the letter indicates the following:

> As the Court is aware, on September 27, 2016, the [plaintiffs' counsel] advised the Court that, on or before October 7, 2016, Plaintiffs would file a default judgment motion against Defendants Game Towels, LLC and Travis Goodwin ("Defendants"). Because I am a solo practitioner and observe the Jewish Holidays, I have not had the resources and time to move for a default judgment in the last few weeks. However, as the Jewish Holidays are ending this coming week, I will be able to move for a default judgment by November 21, 2016.

As of the date of this report, the docket sheet maintained by the Clerk of Court does not reflect that the plaintiffs filed a motion for judgment by default.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action, sua sponte, for failure to prosecute or for failure to comply with a court's order. See Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Sanders v. Does, No. 05-CV-7005, 2008 WL 2117261, at *2 (S.D.N.Y. May 15, 2008)(citing LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 [2d Cir. 2001]). "The failure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). "Dismissal pursuant to Fed. R. Civ. P. 41(b) is a matter committed to the discretion of the District Court." Gibbs v. Hawaiian Eugenia Corp., 966 F.2d 101, 109 (2d Cir. 1992). Rule 16 of the Federal Rules of Civil Procedure also authorizes a court to dismiss an action, sua sponte, when parties "fail to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Inasmuch as a Rule 16(f) dismissal is predicated on the authority granted the court via Fed. R. Civ. P. 37, such a dismissal is also committed to the discretion of the district court. See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988).

As recounted above, since January 2016, when the Clerk of Court noted the defendants' default in this action, the plaintiffs have taken no significant action to move the litigation forward by filing the motion for judgment by default they have represented repeatedly to the Court they wish to file. The

plaintiffs were given notice that their failure to move forward with the litigation may result in an involuntary dismissal of the action. This did not prompt them to engage in any activity to advance the action. Dismissing this action, which has remained dormant on your Honor's docket for an inordinate amount of time, is warranted.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed, pursuant to Fed. R. Civ. P. 41 and 16.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Andrew L. Carter, 40 Centre Street, Room 435, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Carter. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
December 7, 2016

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE